**So Ordered.**



_Patricia C. Williams_
Patricia C. Williams
Bankruptcy Judge

**Dated: October 17th, 2013**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 12-04333-PCW7 |
| RYAN J. PUGH and LINDSEY J. PUGH, | |
| Debtor(s). | |
| KASSA INSURANCE SERVICES, INC., a Washington corporation, | |
| Plaintiff(s), | Adversary No. 12-80118-PCW |
| vs. | MEMORANDUM DECISION RE: PLAINTIFF'S BILL OF COSTS |
| RYAN J. PUGH and LINDSEY J. PUGH, | |
| Defendant(s). | |

Plaintiff filed this adversary on December 4, 2012 seeking a determination that a previously entered state court judgment against the debtor defendants was not subject to discharge pursuant to 11 U.S.C. § 523(a)(6) (willful and malicious injury). Pursuant to plaintiff's summary judgment motion, an order was entered on April 29, 2013 (ECF No. 66) declaring that the state court judgment was not subject to

MEMORANDUM DECISION RE: . . . ~ Page 1

discharge. That order granted the plaintiff's request for attorney fees and costs. A Bill of Costs was presented, which included the fees to which the defendants now object on the grounds that the amount requested was not reasonable or justified.[1] The purpose of this decision is to determine the amount of fees to be awarded.

Plaintiff seeks an award of fees of $34,101.00 and costs of $1,085.07 for the first period from October 9, 2012 to April 15, 2013. For the second period from April 16, 2013 to June 11, 2013, plaintiff seeks fees of $5,700.50 and costs of $212.15. For the last period from June 12, 2013 to August 2, 2013, plaintiff seeks fees of $5,180.00 and costs of $17.02. Attorney fee invoices have been provided which itemize the services and costs provided on a daily basis and identify the person providing the service. Those invoices include unrelated services which are not part of this controversy and for which fees are not sought. Those entries for unrelated services have been designated by plaintiff with a large "X" (Aff. of Kevin W. Roberts, ECF No. 76, Exs. D and E, and Supplemental Aff. of Maximilian Held, ECF No. 94, Ex. F).

---

[1] The parties have agreed to waive any procedural objection. During the months following the Bill of Costs, the plaintiff has provided billing invoices and declarations and documents supporting the request. The issue of the defendant wife's personal liability remains for trial. This decision determines fees and costs incurred by plaintiff through August 2, 2013 only.

Affidavit of Kevin W. Roberts, ECF No. 76, Exhibit D, is the billing invoice for the first period and reflects fees related to this controversy of $40,632.50. The affidavit states that the total fees for the first period was reduced by $6,531.50 "for any duplicative time and/or time otherwise unrecoverable." No other explanation of the calculation of the $6,531.50 is provided nor its relationship to specific billing entries. The reduction results in a request in the amount of $34,101.00. Exhibit E to the same affidavit is the billing invoice for the second period and reflects fees related to this controversy of $10,343.00. The affidavit states that the total fees for the second period was reduced for the same reason stated above, resulting in a fee request of $5,700.50. Again, no explanation for the calculation of the reduction is provided nor its relationship to specific billing entries. Supplemental Affidavit of Maximilian Held, ECF No. 94, Exhibit F, is the billing invoice for the last period and reflects fees of $6,950.00, which have been reduced resulting in a request of $5,180.00. The reason for the reduction is the same as stated above, but again no calculation of the reduction was provided.

The defendants in the Declaration of Timothy Fischer, ECF No. 87, attaches the billing invoices for the first and second periods and itemized the specific entries to which the defendants object. The defendants argue that certain entries are unrelated to this adversary as they are collection efforts or relate to a co-defendant in the state court case or actions undertaken in that case. Additionally, the defendants argue that the

services have not been segregated, but constitute "block billing" and/or were unnecessary or excessive.

## BLOCK ENTRIES

The plaintiff's billing invoices contain so-called "block entries," which refer to several services in the same narrative and time calculation. Block billing occurs when professionals enter total time attributable to a client or litigation matter for each particular day and describe all tasks performed, but do not specify the time incurred to perform each task. This renders it difficult to apply a lodestar analysis to the request for fees or address numerically any objection to the award of fees. For example, the defendants have objected to the reasonableness of fees relating to a particular task, but block billing renders it impossible to segregate and determine numerically the fees associated with that task. When block billing occurs, courts must exercise their discretion based upon a review of the billing invoices and the court's familiarity with the litigation. *Lahiri v. Universal Music and Video Distribution Corp.*, 606 F.3d 1216 (9th Cir. 2010). The fees may be reduced by a percentage or by disallowing particular entries as sufficient information is lacking regarding fees for specific tasks. The party seeking the award must bear the burden of proof.

In this request, many of the block entries contain references to matters which are not properly awarded in this adversary, such as matters relating to the state court appeal. The plaintiff has voluntarily reduced the amount of the request apparently in

an attempt to alleviate this problem. Because the plaintiff has done so, no reduction by the court has occurred if the unrelated tasks appear to be a slight or insignificant portion of the tasks performed that day. Also, if it is not clear from the description if the task related to this adversary, but the time involved is minimal, the associated fee has been allowed as the plaintiff voluntarily reduced the fees. If the review of the entry indicates that a significant amount of the services did not relate to this adversary, the fee amount associated with the entry has been reduced by half. A one-half reduction rather than a total denial of fees is appropriate.

This general approach has been used to address the defendants' objections to various categories of services. Calculations regarding each category are contained in this opinion based upon examination of each entry in each billing invoice to which entry the defendants objected. Examples of the basis of the calculation are included. Should the parties request an entry-by-entry analysis of the calculations, they must contact chambers and the entry-by-entry analysis will occur telephonically.

## **STATE COURT MATTER**

In addition to the state court trial, an appeal in the state court also occurred during the pendency of this proceeding. The defendants object to any fees for services related to the state court matter, including those relating to the co-defendant corporation. Defendants are correct that fees for services occurring in the state court should not be included in this award of fees. The state court entered an amended

judgment in November 2012 which included fees, and those fees are included in the debt which has been determined not subject to discharge. Any entitlement to fees incurred thereafter in the state court of appeals or other state court matters must be determined by the state court.

The billing invoices submitted for this award contain numerous entries relating to the state court proceeding. The entry dated 11/30/2012 in the amount of $390.00 refers to a matter concerning the co-defendant. As the task relating to the co-defendant appears to require an insignificant amount of time and the plaintiff voluntarily has reduced the fee request, the fees have been allowed. The entry dated 12/4/2012 in the amount of $192.50 related both to the appeal and this adversary as does the entry dated 3/6/2013 in the amount of $47.50. As the services relating to the appeal appear to be a significant portion of the described tasks, the reduction from the amount requested is one-half of each entry. Some entries are disallowed in full, such as the entry dated 3/1/2013 in the amount of $38, which relates only to the state court appeal.

## **DISCOVERY/COLLECTION EFFORTS**

The plaintiff issued 25 interrogatories and 8 requests to produce documents to defendants in April 2013, after an issue developed regarding the discharge of liability of the defendant wife, which of course would impact the plaintiff's ability to collect its judgment from any separate property of the wife. The plaintiff included the fees relating to this discovery in its request as plaintiff maintains the discovery was

necessary to determine whether separate property existed in an amount sufficient to justify plaintiff pursuing the issue of discharge of the wife personally. The defendants maintain that the discovery was a collection effort, i.e., the plaintiff was obtaining information to collect its judgment against the community property and the defendant husband, individually.

Copies of the discovery has been provided. A review of the interrogatories and requests to produce reveals that the discovery goes beyond that which would be necessary to determine whether any or substantial separate property of the defendant wife existed. Some limited discovery relating to the wife's separate property would be necessary, but the primary thrust of the actual discovery was collection from community property and the husband. No monetary judgment has been requested in this adversary, other than an award of fees and costs. The request should be made to the state court as to whether the plaintiff is entitled under state law to fees incurred in collection efforts.

Reduction of fees associated with the discovery efforts is appropriate. As stated above, consideration has been given to the plaintiff's counsel's voluntary reduction of the fees requested and the apparent amount of time relating to discovery in each block billing entry.[2]

---

[2] The first service relating to the discovery requests and other unrelated matters to which defendants have objected is the entry for 2/27/2013 in the amount of $104.50. That entry is a block entry and appears to be substantially related to discovery and

# FEES INCURRED IN UNDERLYING CHAPTER 7

Prevailing plaintiffs are entitled to recover attorney fees in actions to determine the dischargeability of a debt which results from willful and malicious conduct. *Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). The debt, which in this situation is the attorney fees and costs, must arise from or be related to the willful and malicious conduct.

Creditors often incur legal fees when a debtor commences a bankruptcy. To recover fees relating a bankruptcy case, such as filing a proof of claim or objecting to exemptions, a creditor must have a contractual or statutory right to do so. There is no contract between these parties which would allow for recovery of legal fees and no provision of the Bankruptcy Code grants such right. An unsecured creditor seeking liquidation of a disputed debt may seek to lift the automatic stay to liquidate such debt in state court, but absent a contract or statutory right to attorney fees, may not seek to recover the fees incurred to lift the automatic stay in the bankruptcy case. The fees incurred by plaintiff's actions in the underlying chapter 7 were not the result of the nature of the debt, i.e., that it was not subject to discharge. The fees are the type

---

state court matters, including the co-defendant. This entry will be disallowed in full. Other services relating to the discovery to which defendants object are: 4/15/2013 in the amount of $28.50, 4/17/2013 for $26.00, 4/25/2013 for $143.00, and entry for 4/26/2013 for $275.00 and $19.00. Amounts reflected in these entries will be reduced by half for purposes of the award of fees. Should the parties request an entry-by-entry analysis of the calculations, they must contact chambers and the entry-by-entry analysis will occur telephonically.

commonly incurred by creditors which hold dischargeable debts which do not result from willful and malicious conduct. The fees incurred in the underlying chapter 7 case are not subject to the award of fees for this adversary proceeding. The billing invoices have been reviewed with reductions made for entries relating to the underlying chapter 7 case.[3]

Even assuming such services were subject to an award, some are far in excess of the time and fees which would be expected for a particular task. In the chapter 7, the debtors and plaintiff stipulated to a motion to lift stay to allow the state court matter to continue. The plaintiff's billing invoices reflect approximately 14-15 hours relating to the lift stay motion in the underlying chapter 7. Bankruptcies are often commenced after the state court trial, but prior to the entry of judgment, which judgment is then appealed. Motions to lift the automatic stay in such situations are routine and an experienced bankruptcy counsel would not devote more than 4-5 hours regarding such a motion.

---

[3] An example of the actions in the chapter 7 for which recovery is not appropriate is the entry dated 11/14/2012 in the amount of $260 to attend the 341 meeting; the entry dated 12/10/2012 in the amount of $234.00 of which one-half is allowed as it relates both to objections to debtors' exemptions and this adversary complaint; and the entry dated 1/29/2013 in the amount of $19.00 relating to the motion to lift stay, which is not allowed.

## STAY MOTION IN ADVERSARY

The motion to lift the stay filed in the underlying chapter 7 is substantively different than the defendants' motion filed in this adversary to stay this adversary proceeding. Defendants sought to stay this adversary proceeding until final determination of the underlying alleged debt claimed by the plaintiff by the Washington State Court of Appeals. That motion was directly related to this adversary proceeding and the issue of whether the debt was subject to discharge. The fees incurred by the plaintiff regarding that motion should be allowed.

## COSTS

The defendants have objected to only two cost entries, both of which occur in the second billing period. The first is the entry dated 5/6/2013 in the amount of $109.85 for Westlaw research. There is no entry for any attorney service on that date, but the entry dated 5/3/2013 refers to recording of judgments and depositions. The same is true of the second entry dated 6/6/2013 in the amount of $102.30 for Westlaw research. There is no entry for any attorney service on that date, but the entries dated 6/3/2013 and 6/5/2013 do not refer to any research activity. It cannot be determined whether the research relates to this adversary proceeding. The plaintiff's request for costs must be reduced by $212.15.

## CONCLUSION

The total fees requested by plaintiff are $44,981.50 and the total costs are $1,314.24. The costs are awarded in the amount of $1,102.09 due to the reduction of $212.15 explained above. The requested fees are reduced for the reasons explained above for state court or unrelated matters, for discovery, and for matters relating to the underlying chapter 7. The reduction for the first period is $5,961.00 for an award of $28,140.00. The reduction for the second period is $231.50 for an award of $5,469.00. There is no reduction for the third period other than for the costs referenced above so the award is $5,180.00. This results in a total award of fees of $38,789.00.

///END OF MEMORANDUM DECISION///